IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

CARA J. BARR,                        )
                                     )
            Plaintiff,               )    TC-MD 130437D
                                     )
      v.                             )
                                     )
DEPARTMENT OF REVENUE,               )
State of Oregon,                     )
                                     )
            Defendant.               )    **FINAL DECISION OF DISMISSAL**

This matter is before the court on Defendant's Motion to Dismiss on the ground that

Plaintiff failed to appeal within the 90 days required by ORS 305.280(2).

A review of Plaintiff's materials shows Defendant's Notice of Proposed Adjustment

and/or Distribution (Notice) was mailed to Plaintiff on March 4, 2013. Plaintiff acknowledges

receipt of Defendant's Notice. (Ptf's ltr undated, filed Sept 27, 2013.) Defendant's Notice

included a section "How to Appeal A Notice Adjusting Your Refund," stating that a request for a

conference with Defendant must be made "within 30 days from the date of this notice." (Ptf's

Compl at 3-4.)

Plaintiff alleges that she requested a conference with Defendant on March 20, 2013, that

"was never received or acknowledged[.]" (Ptf's ltr undated, filed Sept 27, 2013.) Plaintiff

submitted no evidence showing that she requested a conference on March 20, 2013. Plaintiff

alleges that she "requested conference again on April 17th" that was "processed on May 1st, but

past the 30 day objection time frame[.]" (*Id*.) Plaintiff's request dated April 17, 2013, for a

conference with Defendant was made more than 30 days from the date of Defendant's Notice.

(Def's Notice at 2.) Plaintiff's expectation that Defendant would grant her request made more

than 30 days from the date of Defendant's Notice was not based on the information stated in

Defendant's Notice. (*Id.*) If Plaintiff wanted to continue her appeal of Defendant's Notice, Plaintiff's only option was to file an appeal with the Oregon Tax Court because the time to request a conference with Defendant had lapsed. Plaintiff had ample time to file a complaint with the Oregon Tax Court. Unfortunately, Plaintiff delayed in filing her Complaint.

Plaintiff's Complaint was postmarked July 30, 2013.[1] This interval is longer than the 90 days required by ORS 305.280(2) (2011), which provides:

> "An appeal under ORS 323.416 or 323.623 or from any notice of assessment or refund denial issued by the Department of Revenue with respect to a tax imposed under ORS chapter 118, 308, 308A, 310, 314, 316, 317, 318, 321 or this chapter, or collected pursuant to ORS 305.620, shall be filed within 90 days after the date of the notice. An appeal from a proposed adjustment under ORS 305.270 shall be filed within 90 days after the date the notice of adjustment is final."

The court is not aware of any circumstances that extend the statutory limit of 90 days.

Defendant's Motion to Dismiss is granted. Now, therefore,

IT IS THE DECISION OF THIS COURT that Defendant's Motion to Dismiss is allowed.

The Complaint is dismissed.

Dated this ____ day of October 2013.

<br>

                                                 JILL A. TANNER
                                                 PRESIDING MAGISTRATE

*If you want to appeal this Final Decision of Dismissal, file a Complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.*
*Your Complaint must be submitted within <u>60</u> days after the date of the Final Decision of Dismissal or this Final Decision of Dismissal cannot be changed.*

*This document was signed by Presiding Magistrate Jill A. Tanner on October 23, 2013. The court filed and entered this document on October 23, 2013.*

---

[1] Plaintiff incorrectly stated in her letter that her Complaint was "postmarked on July 23rd[.]" (Ptf's ltr undated, filed Sept 27, 2013).